# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MARCUS GRANT**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 12 C 5679 ) |
| **WARDEN OF DANVILLE CORRECTIONAL CENTER**, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Marcus Grant ("Grant") has utilized the form of 42 U.S.C. § 1983 ("Section 1983") Complaint provided by the Clerk's Office to assert a claim against the Warden of the Danville Correctional Center, charging that although on August 3, 2010 the Illinois Prisoner Review Board had reinstated Grant's parole and ordered his immediate release (with the parole status then being terminated on August 13), he was held in custody for another three weeks -- until September 4, 2010. Grant has accompanied the Complaint with two other forms provided by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

As for the Application, its attached statement of transactions in Grant's trust account at the Clerk County Department of Corrections ("County Jail", where he is now in custody) reflects that the average monthly deposits to that account for the relevant six-month period (see 28 U.S.C. § 1915(a)(2) and (b)(1)) amounted to $33.33, so that 20% of that figure (id.) came to $6.67.

Accordingly, the application to proceed in forma pauperis is granted to the extent that Grant need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments. Grant is therefore assessed that initial partial payment of $6.67, and the County Jail's trust fund officer is ordered to collect that amount from Grant's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago, IL  60604
>
>Attention:  Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Grant's name and the 12 C 5679 case number assigned to this action. To implement those requirements, the Clerk shall send a copy of this memorandum order to the County Jail's trust fund officer.

After such initial payment, the trust fund office at County Jail (or at any other correctional facility where Grant may hereafter be confined) is authorized to collect monthly payments from Grant's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

As for the Motion, Grant lists only the Chicago Bar Association as having been explored on his own as a potential source for representation. Although that effort seems no better than marginal, the likelihood of Grant's independently obtaining pro bono representation is clearly

remote. This Court accordingly grants the Motion and has obtained the name of this member of the District Court's trial bar to represent Grant pro bono publico:

> Dan K. Webb
> Winston & Strawn, LLP
> 35 West Wacker Drive
> Chicago, IL 60601-9703
> (312)558-5600
> Email: dwebb@winston.com

As for the merits of Grant's claim, it appears to be reasonably plausible, but that will be left to appointed counsel to explore. Among other things, counsel would be expected to look into the question whether the decision to hold up Grant's release was the Warden's rather than someone else's so that Grant has the correct target in his cross hairs.[1] Meanwhile this Court is contemporaneously issuing its usual initial scheduling order.

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: July 25, 2012

---

[1] Counsel must act promptly, because it appears that the two-year limitation period for Section 1983 claims is about to run out.